IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| RAY LEE CASON, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:13-26591 |
| | ) |
| BART MASTERS, Warden, | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document Nos. 1, 11, 17.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 25.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

**FACT AND PROCEDURE**

**A.    Criminal Action No. 1:03-cr-00005:**

On March 4, 2003, Petitioner was convicted in the Western District of North Carolina of Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d); Using a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g). United Statement v. Cason, Case No. 1:03-cr-00005 (W.D.N.C. May 25, 2004), Document No. 15. On May 25, 2004, the District

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Court ordered that Petitioner serve a total term of 444 months incarceration. Id., Document No. 21. Petitioner filed his Notice of Appeal on June 4, 2004. Id., Document No. 140. On July 26, 2005, the Fourth Circuit affirmed Petitioner's conviction and sentence. Id., Document Nos. 23 and 24; United States v. Cason, 148 Fed.Appx. 148 (4th Cir.2005). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on November 28, 2005. Cason v. United States, 546 U.S. 1054, 126 S.Ct. 789, 163 L.Ed.2d 611 (2005).

**B.    First Section 2255 Motion:**

On September 21, 2006, Petitioner filed in the Western District of North Carolina his first Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Cason, Case No. 1:03-cr-00005, Document No. 27. In his Motion, Petitioner asserted the following grounds: (1) The Court violated his constitutional rights by allowing the jury to see an un-redacted indictment, which contained a reference to his prior conviction; (2) Petitioner's right to testify was violated and his counsel was ineffective for not objecting on that basis; (3) The Court erred in allowing a non-violent escape to serve as a predicate offense for his career offender status; and (4) Petitioner's appellate counsel was ineffective. Id. By Memorandum Opinion and Order entered on May 25, 2007, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 29. Petitioner filed a Notice of Appeal on November 19, 2007. Id., Document No. 34. On October 23, 2008, the Fourth Circuit dismissed Petitioner's appeal. Id., Document No. 37; United States v. Cason, 297 Fed.Appx. 225 (4th Cir. 2008).

**C.    First Section 2241 Petition:**

On March 18, 2011, Petitioner filed in the Northern District of Alabama an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.

2

Cason v. Rathman, 2013 WL 1346575 (N.D. Ala. March 29, 2013). In his Petition, Petitioner argued that the Western District of North Carolina incorrectly decided that Petitioner's prior escape conviction was a crime of violence. Id. The Northern District of Alabama denied Petitioner's Section 2241 Petition finding that "a petitioner cannot invoke the savings clause of § 2255 to bring a § 2241 petition that argues 'that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.'" Id.

D.  **Request for authorization to file Successive Section 2255 Motion:**

On July 18, 2013, Petitioner filed with the Fourth Circuit a Motion under 28 U.S.C. § 2244 requesting an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. In Re: Ray Cason, Case No. 13-308, Document No. 2. Citing Chambers, Begay, Carachuri-Rosendo and Simmons, Petitioner argued that the sentencing court improperly used his walk-away escape as a career offender predicate. Id. Petitioner further argued that he was entitled to re-sentencing based upon Descamps and Alleyne. Id. By Order entered on August 9, 2013, the Fourth Circuit denied Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 4.

E.  **Second Section 2241 Petition:**

On October 24, 2013, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 1:13-26591, Document No. 1.) Petitioner alleges that he is actually innocent of being a career offender under the Sentencing Guidelines based upon United States v. Begay, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) and Chambers v. United States, 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009). Petitioner asserts that due to

3

developments in the law since the denial of his Section 2255 Motion, his escape conviction can no longer be regarded a crime of violence and a basis for his career offender status. (Id.) Petitioner argues that based upon recent law, the sentencing court improperly used Petitioner's "walk-away escape from a non-secure facility as a career offender predicate under U.S.S.G. § 4B1.2." (Id., p. 2.) Citing Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Petitioner further argues that "any sentence less than a year and a day does not qualify as a predicate for enhancement." (Id.) Thus, Petitioner argues that "these four decisions clearly establish that Cason's walk-away escape does not qualify as a career offender enhancement." (Id.) Petitioner asserts that he "is not arguing the fact that he is guilty of the walk-away escape, but rather asserts that he is innocent of the sentencing enhancement based on Carachuri-Rosendo and Simmons." (Id.) Petitioner, therefore, claims that he can satisfy the requirements of the savings clause. (Id.) Accordingly, Petitioner requests that the Court grant his Section 2241 Petition.[2] (Id.) As an Exhibit, Petitioner attaches a copy of his "Judgment and Commitment" Order regarding his escape conviction (Id., pp. 9 - 10.) On February 3, 2015, Petitioner filed his completed Section

---

[2] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI McDowell, located in Welch, West Virginia. FCI McDowell lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Williamsburg, which is located in the District of South Carolina. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's

2241 form Petition. (Document No. 11.) Petitioner continued to argue that his escape conviction "no longer qualifies as a predicate for his career offender" enhancement. (Id.) Petitioner states that "according to 2241 saving clause I am innocent of being a career offender because without the walk-away escape, I would only have two prior felony convictions."[3] (Id.) Therefore, Petitioner requests that this Court "dismiss the career offender status and adjust [his] sentence according to the Sentencing Guidelines." (Id.)

On July 31, 2015, Petitioner filed his "Motion for Leave to Amend Parent Pleading." (Document No. 17.) Petitioner states that he wishes to amend "in light of the Supreme Court landmark decisions in upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which petitioner believes the holding has an impact on the current filing and hereby seeks to leave to incorporate Johnson."[4] (Id.) As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Warrant for Arrest" regarding his escape charge (Id., p. 1.); (2) A copy of Petitioner's Indictment regarding his "Felonious Escape" charge (Id., p. 2.); and (3) A copy of Petitioner's "Judgment and Commitment" Order regarding his escape conviction (Id., pp. 3 - 5.).

---

Petition based on the merits notwithstanding his transfer to a prison outside this District.

[3] The undersigned notes that two prior felony convictions of either a crime of violence or a controlled substance offense is sufficient for a career offender enhancement pursuant to U.S.S.G. § 4B1.1(a). U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

[4] The Supreme Court held that imposing an increased sentenced under the residual clause of the Armed Career Criminal Act [ACCA] violates the Constitution's guarantee of due process. *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The United States Supreme Court, however, has yet to decide whether *Johnson* applies retroactively. To the extent Petitioner wishes to challenge his sentence based upon *Johnson*, Petitioner should filed with the Fourth Circuit a Motion under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under Section 2255.

By separate Order entered this day, the undersigned has granted Petitioner's "Motion for Leave to Amend Parent Pleading."

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section

2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the Western District of North Carolina. Specifically, Petitioner contends that his sentence was improperly enhanced. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western

District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion Petitioner's because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[5]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality

---

[5] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).The Fourth Circuit has denied at least one of Petitioner's Motions under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under Section 2255.

of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under

Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying conviction. Citing Begay, Chambers, Carachuri-Rosendo, Simmons, and Johnson, Petitioner argues that the sentencing Court improperly considered a prior walk-away escape conviction for purposes of enhancing his sentence. The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon Begay, Chambers, Carachuri-Rosendo, Simmons, and Johnson does not meet the requirements of the saving clause.[6] See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Underwood v. Cauley, Case No. 1:11-cv-0217(S.D.W.Va. Aug. 22, 2014)(J.Faber)(finding petitioner's claim

---

[6] In 2010, the United States Supreme Court decided *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). In *Carachuri-Rosendo*, the Supreme Court held that when determining whether a conviction is an 'aggravated felony' for purposes of the Immigration and Nationality Act, the Court must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. *Id.* Subsequently, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In *Simmons*, the Fourth Circuit vacated defendant's sentence in light of *Carachuri-Rosendo*. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. *Id.* at 244. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. *Id.* On August 21, 2013, the Fourth Circuit determined that *Simmons* is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. *Miller v. United States*, 2013 WL 4441547 (4th Cir. Aug. 21, 2013). The undersigned notes that Petitioner

that he was actually innocent of being a career offender, a sentencing enhancement, not cognizable under Section 2241); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon *Simmons*, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1, 11, 17) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge

---

does not challenge his Section 922(g) conviction.

David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: February 2, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge