```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**RAY LEE CASON,**

    **Plaintiff,**

**v.**                                       **CIVIL ACTION NO. 1:13-26591**

**BART MASTERS, Warden,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation. Magistrate Judge Aboulhosn submitted his proposed findings and recommendation on February 2, 2016. In that Proposed Findings and Recommendation ("PF&R"), the magistrate judge recommended that this court dismiss petitioner's application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a party "makes

general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). Plaintiff filed objections to the Proposed Findings and Recommendation on February 16, 2016. Because petitioner filed his objections timely, this court has conducted a de novo review of the record as to those objections. <u>See</u> 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## I. Background

On March 4, 2003, Cason was convicted in the Western District of North Carolina of bank robbery, in violation of 18 U.S.C. § 2113(a); bank robbery by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(d); possession of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). <u>United States v. Cason</u>, Case No. 1:03-cr-00005-001. At sentencing, Cason was determined to be a career offender under the United States Sentencing Guidelines and he was sentenced to a total term of imprisonment of 444 months.

Magistrate Judge Aboulhosn concluded that plaintiff's claim was properly considered under 28 U.S.C. § 2255, and not 28 U.S.C.

§ 2241, because he was challenging the validity of the sentence imposed by the Western District of North Carolina.  Motions under § 2255 are to be filed in the sentencing court.  However, because plaintiff had not obtained authorization to file a second or successive § 2255, Magistrate Judge Aboulhosn determined that plaintiff's motion should be dismissed rather than transferred to the sentencing court.

## II.  Analysis

Under 28 U.S.C. § 2255, a federal prisoner can move to vacate, set aside, or correct a sentence "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  See 28 U.S.C. § 2255.  As Magistrate Judge Aboulhosn correctly noted, "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."  See PF&R at p. 7 (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).  Section 2255 is the exclusive remedy unless the petitioner can demonstrate that it is inadequate or ineffective.  In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

Plaintiff's sole objection to the PF&R is with the magistrate judge's conclusion that he not be permitted to proceed under § 2241 because he has not shown that § 2255 is inadequate

3

or ineffective.  For the following reasons, the court agrees with the magistrate judge's recommendation and OVERRULES plaintiff's objection.

At the time of filing the instant § 2241, Cason argued that he should not have been sentenced as a career offender because one of the predicate convictions underlying that enhancement no longer qualifies.  As support for his argument, Cason cited United States v. Begay, 553 U.S. 137 (2008), Chambers v. United States, 555 U.S. 122 (2009), Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  On July 31, 2015, Cason moved to amend his § 2241 motion to rely on Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed.2d 569 (2015).

On June 26, 2015, the United States Supreme Court issued its decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed.2d 569 (2015).  In Johnson, the Supreme Court considered a provision of the Armed Career Criminal Act (hereinafter the "ACCA" or "the Act") that provides for a sentencing enhancement for a felon possessing a firearm when the defendant already has three prior convictions for violent felonies and/or serious drug offenses.  18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The ACCA defines a "violent felony" as a crime punishable:
by imprisonment for a term exceeding one year . . . that

4

1.  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
2.  is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C. § 924(e)(2)(B) (emphasis added). The bolded portion of this definition has come to be known as the Act's "residual clause." In Johnson, the Supreme Court held that the residual clause is unconstitutionally vague and that imposing an increased sentence thereunder violates due process. 135 S. Ct. at 2555-63.

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether Johnson applies retroactively to the sentences of defendants whose judgments had previously become final. Welch v. United States, 136 S. Ct. 790, 2016 WL 90594 (2016). On April 18, 2016, the Supreme Court determined that Johnson changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

On June 8, 2016, the United States Court of Appeals for the Fourth Circuit decided In re Creadell Hubbard, ___ F.3d ___, 2016

WL 3181417 (4th Cir. June 8, 2016), granting a request for authorization to file a second or successive section 2255 motion filed by a petitioner seeking to challenge his career offender enhancement under the Sentencing Guidelines based upon Johnson.[1]

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction.  28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.   In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus

---

[1] The majority of circuit courts that have addressed the issue have concluded that Johnson provides a basis for authorization of a successive section 2255 challenging the career offender enhancement provisions of the Sentencing Guidelines.  See In re Robinson, No. 16-11304-D, ___ F.3d ___, 2016 WL 1583616, at *2 n.2 (11th Cir. Apr. 19, 2016) (noting that every circuit except the Eleventh has held or assumed Johnson applies to the Sentencing Guidelines).

pursuant to § 2241."). In re Jones relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. Id. at 332.

Plaintiff's claim is properly reviewed under section 2255, not section 2241, because it involves the imposition, rather than the execution of his sentence. Thus, before considering Cason's section 2241 petition on its merits, the court must determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of his detention in order for him to pursue such relief under section 2241. The Fourth Circuit has long held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy

7

the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[2]

Jones, 226 F.3d at 333-34. Using this three-factor analysis, Cason does not present claims that fall within the savings clause exception and, thus, his claims are not properly brought under section 2241. With respect to his Johnson claim, Cason now meets the gate-keeping provisions of section 2255 and should seek relief thereunder in his court of conviction.[3]

In light of the fact that Cason's claims are not properly brought under section 2241, his section 2241 application "must either be dismissed or construed as a section 2255 motion" and transferred to Cason's court of conviction, as this court would lack jurisdiction to consider his 2255 motion. See Pack v.

---

[2] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[3] Because the Supreme Court has announced in Welch that Johnson is a new rule of constitutional law made retroactive to cases on collateral review, Cason cannot demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention because he now effectively meets the gatekeeping provisions of section 2255.

Yuseff, 218 F.3d 448, 452 (5th Cir. 2000); United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008).  In the course of considering the benefits of a transfer, the court learned that, on June 21, 2016, after having received authorization to do so from the United States Court of Appeals for the Fourth Circuit, Cason, by counsel, filed a motion to vacate sentence under 28 U.S.C. § 2255 in the Western District of North Carolina challenging his sentence under Johnson.  Ray Lee Cason v. United States of America, Case No. 1:16-cv-00197-MR (ECF No. 1).  As a result, there is no reason for this court to construe and transfer the pending section 2241 petition.

### III. Conclusion

The court hereby **OVERRULES** plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation.  Accordingly, the court **DISMISSES** plaintiff's application for Writ of Habeas Corpus and **DIRECTS** the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the

constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 1st day of July, 2016.

ENTER:

*[signature: Daniel A. Faber]*

David A. Faber
Senior United States District Judge